IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Weldon Eugene Holtzclaw, Jr., ) | Case No. 6:25-cv-01414-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Medical Staff of Greenville County ) | |
| Detention Center, Nurse Horton, ) | |
| Unnamed Supervisor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald or pre-trial proceedings and a Report and Recommendation ("Report"). On April 4, 2025, Plaintiff filed a motion for preliminary injunction. ECF No. 9. On April 10, 2025, the Magistrate Judge recommended that the motion be denied. ECF No. 12. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff did not file objections. On July 2, 2025, the Magistrate Judge issued a second Report recommending that this action be dismissed without prejudice, without leave to amend, and without issuance and service of process. ECF No. 22. Plaintiff filed objections. ECF No. 24. On September 29, 2025, Plaintiff filed a motion for medical emergency. ECF No. 26.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As to the first Report, as noted above, Plaintiff did not file objections. Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's motion for preliminary injunction is denied.

As to the second Report, Plaintiff filed objections. Accordingly, the Court's review has been de novo. The Magistrate Judge recommends dismissal of this action because, despite three opportunities, Plaintiff has failed to bring this action into proper form and has failed to comply with orders of the court. ECF No. 22. In his objections, Plaintiff states that he is appealing the no serve order, ECF No. 21; that multiple justices and attorneys have violated his rights; that he is not required to comply with Judge McDonald's orders; and that his rights were violated during his arrest. He makes various assertions

regarding the merits of his case. He also makes several allegations with respect to his medical conditions; however, he does not state, nor is there any evidence based upon his voluminous filings, that any of his medical issues have prevented him from complying with the orders of the court. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court adopts the Report of the Magistrate Judge. Plaintiff has been given three opportunities and has failed to comply with orders of the court. Therefore, this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

For the reasons stated above, the Court adopts the Magistrate Judge's Reports. Plaintiff's motion for preliminary injunction [9] is **DENIED**. This action is **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41(b).[1]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 1, 2025
Spartanburg, South Carolina

---

[1] Plaintiff's motion for medical emergency [26] is also denied. The allegations in the motion are not related to the underlying complaint and, as stated above, the complaint is subject to dismissal. Further, Plaintiff's requested relief, placement in home incarceration, is not available in an action brought pursuant to 42 U.S.C. § 1983.